NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 4, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3802

| | |
|---|---|
| HENRY BUTLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 11-CV-1013-JPS |
| | |
| AMERICAN FOODS GROUP, LLC, and | J. P. Stadtmueller, |
| GREEN BAY DRESSED BEEF, LLC, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Henry Butler appeals the grant of summary judgment for his former employer and its parent company in this employment-discrimination lawsuit. We affirm.

Butler filed a charge of discrimination with the Equal Employment Opportunity Commission in April 2009 alleging that American Foods Group and its subsidiary,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Green Bay Dressed Beef, discriminated against him. He had applied five times to work for American Foods Group and it denied him employment each time, most recently in February 2008 when he sought a laborer position. Butler asserted that the five rejections, all preceding his filed charge by more than a year, were based on his race because, he says, the company hired Hispanic workers with less experience. (Butler does not identify his race, but we assume that he is not Hispanic.) Despite the string of rejections, at a job fair one month after his last rejection, Green Bay Dressed Beef hired him. He soon injured his back, though, at work in April and December of that year, and after several absences Green Bay fired him in February 2009. The company stated that it fired him for violating its attendance policy, but Butler believes that his discharge occurred because of his back injury and in retaliation for his complaints about the company's administration of its attendance policy and a coworker's sexual comments.

Butler sued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, alleging that he had been initially denied the laborer job based on race and later fired because of his back injury and in retaliation for his complaints. The defendants moved for summary judgment and submitted evidence showing that Butler was fired based on his multiple, unexcused absences. The district court concluded that the failure-to-hire claim was untimely because the employer's latest rejection occurred outside the 300-day filing period. *See* 42 U.S.C. § 2000e–5(e)(1). On the discharge claims, the court determined that Butler had introduced no evidence suggesting that his employer fired him for any reason other than the one given—his violations of the attendance policy.

On appeal Butler asserts that his failure-to-hire claim is subject to equitable tolling. He contends that because the subsidiary, Green Bay, hired him he did not realize that he had a potential employment-discrimination claim against the parent, American Foods Group, for not hiring him earlier. But equitable tolling applies only when a reasonable person acting with due diligence could not have discovered the basis of a potential claim. *See Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860–61 (7th Cir. 2005). Butler does not explain how or why, after Green Bay hired him, he could not through reasonable diligence learn the basis of a potential failure-to-hire claim against American Foods Group. Thus, absent any evidence to support equitable tolling, the district court correctly concluded that his failure-to-hire claim was untimely.

Butler next contends that Green Bay should have excused his absences under the company's attendance policy; its failure to do so, he says, shows that his employer's

stated reason for firing him was pretext for disability discrimination or retaliation. But he lacks evidence that Green Bay applied its attendance policy to him any differently than to co-workers without back problems or those who had made no complaints. Butler essentially asks us to second-guess his employer's interpretation of its attendance rules. The judiciary is not, however, a super-personnel department that reinvestigates employee disputes. *See Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 449 (7th Cir. 2012); *Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 786 (7th Cir. 2005). Rather, Butler has the burden to introduce evidence from which a reasonable jury could infer that his employer fired him based on prohibited grounds (as opposed to enforcing its attendance policy even-handedly). *See Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 514 (7th Cir. 2012). The district court correctly concluded that he did not.

AFFIRMED.